**ST. MARY'S COUNTY GOVERNMENT**
**DEPARTMENT OF**
**HUMAN RESOURCES**
*Catherine Pratson*
*Director of Human Resources*



**COMMISSIONERS OF ST. MARY'S COUNTY**
James R. Guy, President
Eric Colvin, Commissioner
Michael L. Hewitt, Commissioner
Todd B. Morgan, Commissioner
John E. O'Connor, Commissioner

---

October 7, 2019

Ms. Barbara A. Smith
22165 Colton Point Road
Bushwood, MD 20618

*Certified Mail Return Receipt Requested #7017 3040 0001 1755 7587*

Re: Termination Notice

Dear Ms. Smith:

This is to notify you that your suspension with pay will continue through 5 pm October 16, 2019 at which time your employment with St. Mary's County Government shall terminate.

The reason for the termination is for violations of the St. Mary's County Manual of Personnel Policies and Procedures including:

As stated in Chapter 35, Table 35-1, your refusal to speak with Chief of Staff Jaymi Sterling on Friday July 12, 2019 is, "Insubordination to supervisor, refusal to perform supervisor's assignments, or direction, abusive or threatening language at any County supervisor, employee official, or member of the public."

As stated in Chapter 15, Section 1516, theft, lying, omissions, misrepresentations, falsifications of County records are all prohibited behaviors. You state that you did not access the Alex Murphy case file. IT evidence shows that the case file was accessed from your personal computer, in your office using your user name and password from 13:17 to 13:58 on the afternoon of May 31, 2019.

You state that your network user name and password was posted on your computer monitor. The St. Mary's County Government IT Use and Security Policy states: "Users must be responsible for all activity performed with their personal user ID's. They must not permit others to perform any activity with their user ID's."

You acknowledge that there was no business reason or necessity to access the Alex Murphy case files. According to the IT Use and Security Policy, "Incidental personal use of the St. Mary's County information systems is permissible if the use does not consume more than a trivial amount of resources that could otherwise be used for business purposes, permissible incidental use is described as sending an email message to schedule a luncheon." Viewing the 95 records contained in the Alex Murphy case file for 41 minutes exceeds the definition of incidental personal use of the County Information Systems.

As stated in Chapter 35 of the St. Mary's County Manual of Personnel Policies and Procedures, the County expressly reserves the right to discipline employees engaged in any manner of conduct which, in the County's opinion, is contrary to the interests of the County, its employees, or its citizens. Further clarified in Chapter 35, "Although it is the general policy of the County to engage in progressive discipline, the County expressly reserves the right to determine the appropriate discipline based on the facts and circumstances of the particular case, including decisions relating to the termination of employees". Your misuse of access to the Sheriff's Office reporting system has resulted in your access to this system being revoked and you can no longer perform the duties of a Senior Legal Assistant in the

**Exhibit G**

Office of the State's Attorney without access to this shared database. You have been found to be in violation of St. Mary's County Policies and Procedures and of the St. Mary's County Government IT Use and Security Policy as such, your conduct does not merit continued employment and you are hereby terminated effective 5pm October 16, 2019.

You have the right to appeal this decision pursuant to Chapter 37 of the St. Mary's County Manual of Personnel Policies and Procedures by filing your appeal to your supervisor, Catherine Conlon, Chief of the District Court Buffy Giddens, and State's Attorney Richard Fritz within 10 days of your receipt of this letter. A copy of Chapter 37 is enclosed for your reference.

Sincerely,

*[signature]*

Catherine Pratson
Director of Human Resources

Cc: Catherine Conlon, Office Manager
Buffy Giddens, Chief of the District Court
Jaymi Sterling, Chief of Staff Office of the State's Attorney, for Richard Fritz, State's Attorney
Official Personnel File

**Exhibit G**

# CHAPTER 37
# GRIEVANCE AND APPEAL PROCEDURES

**3701 Policy.** In an employee/employer relationship, matters of concern and dissatisfaction to employees occasionally arise. Both employees and management officials have the responsibility to consider and address such matters promptly, and to the greatest extent possible, at the lowest level. Normal day to day discussions between employees and supervisors regarding working conditions and related employment matters are the most constructive and expeditious means of developing and enhancing favorable and effective work relationships. An employee shall be free to use the procedures presented here without restraint, interference, coercion, discrimination or reprisal, and each supervisor has the obligation if at all possible, to act readily and fairly to resolve the dissatisfaction of an employee.

**3702 Scope.** This policy shall apply to all County merit employees. Probationary, hourly, contractual and appointed employees are not covered under this grievance policy.

**3703 Grievance Definition.** Except as excluded under paragraph 3704, a grievance is any complaint by an employee alleging that wages, benefits or conditions of employment were adversely affected by an act or acts of a supervisor or department head in violation of St. Mary's County policies and procedures.

**3704 Exclusions.**

(a) Policy decisions or any other action taken at the direction of the Commissioners of St. Mary's County.

(b) Performance ratings, unless the overall rating is less than satisfactory. See paragraph 1209 for additional actions that may be taken.

(c) Position classifications.

(d) Adverse action taken against an employee during the employee's initial probationary period.

(e) Non-selection for a position or for promotion from a group of properly ranked and certified candidates.

(f) Oral or written warnings maintained within the department's working file.

(g) An action which terminates Acting Capacity Pay and returns the employee to the position from which they were temporarily assigned.

(h) A supervisor's determination of the job responsibilities and performance standards of an employee's position, including position descriptions.

(i) A department head's determination of an employee's work schedule.

**Exhibit G**

(j) Withholding a merit increase due to less than satisfactory performance.

(k) The content of published County policy.

(l) Termination due to reduction in force from a group of properly ranked employees. See paragraph 3809 for additional actions that may be taken.

(m) Actions taken by the Department of Human Resources in the course of administering the grievance procedure.

(n) Initial complaints of harassment filed under Chapter 3.

### 3705 Informal Grievance Procedure

In the event a complaint or disagreement affecting an employee arises, the matter will first be submitted by the aggrieved employee to the immediate supervisor, next level supervisor if applicable, and to the Department Director. An informal grievance must be presented in writing within ten (10) working days after the occurrence which lead to the grievance. The time limit may be extended by mutual agreement in writing between the supervisor and the employee to provide for unusual cases. If the grievance is not timely or consists of a matter not covered under the grievance system, the employee will be so advised. The grievance must:

(1) Set forth the basis for the grievance;

(2) Fully describe the incident and indicate the date that the grievable issue occurred; and

(3) Indicate the corrective action desired.

The Department Director or supervisor will make whatever investigation is necessary and will give an answer in writing to the employee within ten (10) working days after receipt of informal grievance.

This written notice will include a summary of the facts presented and considered and the action proposed by the Department Director. It will further advise the employee of their right to appeal the matter if they so desire. A copy of this notification will be forwarded to the Director of Human Resources who will establish a separate file for use in a possible formal grievance.

If the informal grievance procedure does not resolve the issue, the employee has the right to appeal the determination in writing to the Director of Human Resources within ten (10) days of receipt of the Department heads action.

### 3706 Grievance Procedure – Appeal to Human Resources

(a) Time Limit. If all actions have been completed for the informal grievance procedure and the employee is in disagreement with the decision of the department head, the employee may appeal the grievance to the Director of Human Resources within ten (10) working days of receipt of the written response from the department head.

**Exhibit G**

(b) <u>Contents</u>. The grievance appeal must be presented in writing and must:

   (1) Set forth the basis for the grievance;

   (2) List the names of all witnesses who can provide relevant information or observations concerning the grievable issue;

   (3) Indicate the date that the grievable issue occurred, the date that the grievance was initiated, the date the grievance was answered; and

   (4) Indicate the corrective action desired.

(c) <u>Excluded From Grievance</u>. Matters listed within paragraph 3704, and those matters not related to the grievance as originally presented to/by the supervisor and department head, may not be raised.

(d) <u>Action by the Director of Human Resources</u>.

   (1) The Director of Human Resources shall determine whether to accept, return, or reject in whole or in part any grievance presented. A grievance may be rejected if the aggrieved employee has not completed action under these procedures, as appropriate; if the grievance is not presented within the ten (10) day time limit; or if it does not provide a clear statement of the issues and does not indicate the specific corrective action desired. The Director of Human Resources may return the grievance to the grievant for clarification or additional information.

   (2) Once a grievance has been accepted, the Director of Human Resources shall review all information and attempt to resolve the grievance within ten (10) working days. If the employee is unsatisfied with the recommendation of the Director of Human Resources, the employee may request in writing within five (5) working days of the date of the recommendation that the Director of Human Resources forward the grievance on to a Grievance Hearing for resolution. This notice must include the names of any witnesses to be called before the Grievance Review Board and indicate whether the employee intends to be represented by him or herself or assisted by another person during the grievance hearing and the name of the person assisting, if applicable.

## 3707 <u>Grievance Review Board</u>

(a) <u>Time Limits</u>. The County Administrator shall establish and convene a Grievance Review Board within twenty (20) working days after the employee submits his request for a hearing before the Grievance Review Board.

(b) <u>Board Membership</u>. The Grievance Review Board shall consist of five impartial members to include:
   (1) <u>Chairperson</u>. The County Administrator or designee.

   (2) Four members selected by the County Administrator to include:

**Exhibit G**

(i) A department head from other than the aggrieved employee's department; and

(ii) An employee in a management grade equal to or greater than the grade of the aggrieved employee; and

(iii) Two employees of a grade equal to or less than the aggrieved employee.

(3) <u>Administrative</u>. A representative from the Department of Human Resources, assisted by a stenographer or by electronic recording device, shall act as the recorder to the Board.

**3708 Hearing** The Human Resources representative shall provide a copy of the grievance case file to each member of the Grievance Review Board, the Management Representatives attending the Hearing and the grievant.

(a) <u>Confidentiality</u>. Grievance hearings shall be closed to the public. Those persons participating shall maintain confidentiality of the proceedings and shall not discuss the grievance before the hearing.

(b) <u>Recording</u>. The Grievance hearing shall be recorded. This record, a summary of evidence and testimony heard, and the findings of the Board, with all attendant documents, shall be preserved for not less than three (3) years. All persons testifying before the Board shall be sworn in.

(c) The Board Chair may establish a reasonable time for the presentation of each party's case and require reasonable adherence to the set schedule. While there is no limit to the number of witnesses, both the employee and Management are to cooperate to ensure that only those witnesses necessary and applicable to the grievance are called to testify. The Board Chair has broad discretion as to admissible evidence and the formal rules of evidence shall not apply. However, evidence that is redundant, immaterial or irrelevant to the issues identified in the grievance may be excluded at the discretion of the Board Chair. The Board Chair shall verify that the grievance was submitted within the allowed time limit and that the complaint is a grievable matter.

(d) <u>Employee</u>. The Board shall allow the aggrieved employee to restate his or her grievance, if so desired, to present additional information relevant to the grievance, and to call any witness who can be expected to contribute materially to the issue. It is also permissible that the Employee's attorney makes an opening statement. Time spent at the hearing will be considered work time for the witnesses and will not be charged to leave. The employee may be assisted by a previously disclosed person of their choice (at the employee's expense if other than a County employee), except members of the Commissioners of St. Mary's County, their department head or the Director of Human Resources.

1. The employee and each witness may be cross-examined by Management and/or the Board within the time limits established by the Board Chair.
   (i) Employee / Witness Testimony
   (ii) Management questions employee or witness (es)
   (iii) Board questions employee or witness (es)

**Exhibit G**

2. Management testifies or calls witness (es) if necessary. Management and the witness may be cross-examined by Management and/or the Board within the time limits established by the Board Chair.
   (i) Management / Witness Testimony
   (ii) Employee questions management or witness (es)
   (iii) Board questions management or witness (es)

3. Closing remarks
   (i) Employee
   (ii) Management

4. Board adjourns to review and discuss facts of the case.

Roles

Board Chair -- The role of the Chair is to maintain order during the hearing and to determine the allotted time allowed for opening and closing statements and witness testimony. The Chair has the authority to allot breaks, or to call a temporary recess. The Board is provided a Grievance Board Attorney (GBA) during the hearing and will at times consult with the GBA for advice on the proceedings.

The Formal Grievance Board -- The Board is vested with the power and authority to control the proceeding, including limiting of cumulative evidence and the removal of anyone who disrupts the proceedings. The Board has decision making authority over the proceedings and to determine the outcome of the appeal.

Grievance Board Attorney (GBA) – The role of the GBA is to provide advice to the Management Representatives and to the Grievance Board. The Attorney may recommend to the Chair additional questions for any of the witnesses called.

**3709 Decision of Board.** The Grievance Review Board decision shall be made by majority decision and may include modification of the action taken by management that is the subject of the hearing.

**3711 Findings and Decision of the Grievance Review Board.** After having heard the case and deliberated, the Board shall inform the aggrieved employee in writing of its findings and action to be taken by management, if any, within five (5) working days of the conclusion of the hearing. The grievant may extend the time the Board has for rendering an opinion. The Grievance Review Board shall further advise the employee of the right to appeal the findings of the Board to the Commissioners of St. Mary's County if he or she so desires.

**3712 Appeal.** In the event the action of the Grievance Review Board does not satisfy the employee, an appeal of the findings of the Grievance Review Board may be made to the Commissioners of St. Mary's County within five (5) working days of the date of the decision of the Grievance Review Board. Such appeals must be made in writing through the Department of Human Resources to the Commissioners of St. Mary's County, which shall review the record of the case and may, at its discretion, meet with any employee to hear any further evidence. The Commissioners of St. Mary's County shall notify the employee in writing of its findings, which shall be final and binding.

**Exhibit G**